UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAMES H. SCOTT,

         Petitioner,

     v.

PATRICK NOGAN, et al.,

         Respondents.

Civil Action No. 16-7086(MCA)

MEMORANDUM AND ORDER

This matter has been opened to the Court by Petitioner's filing of a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which he states that he has filed the instant Petition as a "protective petition" and asks the Court "to stay this Petition until the Petitioner has fully exhausted all of his state grounds for relief." (ECF Nos. 1, 5.)  For the reasons explained in the Memorandum and Order, the Court will deny Petitioner's motion for a stay without prejudice to his filing of (1) an amended petition that includes all federal grounds for relief that he wishes to raise in his § 2254 petition (both exhausted and unexhausted), and (2) a new motion for a stay if any of the grounds in the amended petition are as yet unexhausted.

Petitioner's Petition appears to raise three grounds for relief.  (*See* ECF No. 1, Pet. at 6-10.)  For each of these grounds, Petitioner states that he has "[f]ully exhausted state remedies . . . on [d]irect [a]ppeal" (*Id.*)  In his Petition, however, he indicates that, on April 25, 2016, the Supreme Court of New Jersey reversed and remanded the Appellate Division's denial of his Petition for Post-Conviction Relief.  The full decision of the Supreme Court of New Jersey reads as follows:

1

> A petition for certification of the judgment in A–003951–
> 13 having been submitted to this Court, and the Court having
> determined that the trial court's statement of reasons for not
> providing oral argument on this initial petition for postconviction
> relief did not overcome the strong presumption in favor of oral
> argument established in *State v. Parker*, 212 N.J. 269, 53 A.3d 652
> (2012); it is hereby
>
> ORDERED that the petition for certification is granted and
> the judgment of the Superior Court, Appellate Division is
> summarily reversed, and the matter is remanded to the trial court
> for oral argument on defendant's petition for postconviction relief.
> Jurisdiction is not retained.

*State v. Scott*, 225 N.J. 337 (2016). Thus, if Petitioner is ultimately unsuccessful in the state

court, and intends to seek habeas relief on any of his PCR claims, those claims, which are not

identified in his current Petition, are unexhausted.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that a district court has

the authority to stay a mixed § 2254 petition when a stay would be compatible with the

Antiterrorism Effective Death Penalty Act's (AEDPA) purposes, *Rhines*, 544 U.S. at 276, and

that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a

mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims

are potentially meritorious, and there is no indication that the petitioner engaged in intentionally

dilatory litigation tactics. In such circumstances, the district court should stay, rather than

dismiss, the mixed petition." *Id.* at 278. *See also Heleva v. Brooks*, 581 F.3d 187 (3d Cir. 2009)

(holding that stay-and-abeyance under *Rhines* standard also applies to a request to stay a § 2254

petition which contains only unexhausted claims). The *Rhines* Court explained:

> If a petitioner files a timely but mixed petition in federal district
> court, and the district court dismisses it under [*Rose v. Lundy*, 455
> U.S. 509 (1982)] after the limitations period has expired, this will
> likely mean the termination of any federal review. For example, if
> the District Court in this case had dismissed the petition because it
> contained unexhausted claims, AEDPA's 1–year statute of
> limitations would have barred Rhines from returning to federal

2

court after exhausting the previously unexhausted claims in state
court.

*Rhines*, 544 U.S. at 275; *see also Floyd v. Ricci*, No. CIV 09-5338 (PGS), 2010 WL 2836611, at

*2 (D.N.J. July 8, 2010) (explaining same).

Here, the Court will deny Petitioner's request for a stay without prejudice because it does

not appear that Petitioner has included any unexhausted claims in his current § 2254 petition.

(*See* ECF No. 1.)  Instead, it appears that his current § 2254 Petition is not a mixed petition, as

the Petition indicates that all three grounds for relief raised in the Petition were fully exhausted

on direct appeal.  (*See* ECF No. 1, Pet. at 6-10.)  Under these circumstances, it appears that, even

if a stay were granted, a stay of Petitioner's current § 2254 petition would not preserve

Petitioner's ability to have this Court consider potentially meritorious but unexhausted claims

raised in his PCR because the three claims listed in his current petition appear to have been

exhausted.  In addition, Petitioner has not met the other requirements for a stay by showing (1)

that his unexhausted claims are potentially meritorious, (2) that he has good cause for failing to

exhaust, and (3) the absence of intentionally dilatory litigation tactics.  As such, the Court will

deny Petitioner's motion for a stay without prejudice to his filing of (1) an amended petition that

includes all federal grounds for relief that he wishes to raise in his § 2254 petition (exhausted and

unexhausted), and (2) a new motion for a stay if any of the claims in the amended petition are

unexhausted.

Furthermore, in accordance with *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), this

Court is hereby notifying Petitioner of the following consequences of filing a § 2254 Petition

under AEDPA.  First, AEDPA generally permits a prisoner in custody pursuant to the judgment

of a State court who seeks a determination that the custody violates the Constitution, laws, or

treaties of the United States, to file only one petition for a writ of habeas corpus under 28 U.S.C.

3

§ 2254 in the district court.  This is because, in the absence of extremely limited circumstances and the prior approval of the United States Court of Appeals for the Third Circuit, this Court lacks jurisdiction to entertain a federal claim presented in a second or successive § 2254 petition. *See* 28 U.S.C. § 2244(b). Thus, as a result of this bar on second and successive § 2254 petitions, a prisoner challenging the legality of detention pursuant to a judgment of a State court must include all available federal grounds to collaterally attack the State judgment in the first § 2254 petition.

In addition, under AEDPA, except in extremely limited circumstances, the prisoner must file this one all-inclusive § 2254 petition within one year of the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d).11.  Furthermore, under AEDPA, a this Court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the petitioner has exhausted the remedies available in the courts of the State or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B).  *See Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir.1997); *Toulson v. Beyer*, 987 F.2d 984 (3d Cir. 1993).  The Exhaustion Doctrine requires a petitioner challenging a New Jersey conviction under § 2254 to have fairly presented each federal ground that is raised in the petition to all three levels of the New Jersey courts, that is, the Law Division, the Appellate Division, and the New Jersey Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rose v. Lundy*, 455 U.S. 509 (1982).

In light of the fact that the § 2254 Petition presently before this Court does not appear to include any unexhausted claims, and in accordance with *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), this Court will hereby give Petitioner 45 days in which to file an amended § 2254 petition

that includes <u>all federal claims</u> which Petitioner wants this Court to consider. Petitioner should include in this amended petition all exhausted federal claims, as well as all unexhausted federal claims, if he wants this Court to consider those claims after they are exhausted.  To the extent his Petition includes unexhausted claims he may file a new motion for a stay together with his amended petition.[1]

Petitioner is also advised that, if the § 2254 Petition presently before this Court was filed within the one-year statute of limitations under 28 U.S.C. § 2244(d), then this Court will toll the statute of limitations from the date Petitioner handed the § 2254 Petition (ECF No. 1) to prison officials for mailing to the Clerk of this Court and until 45 days after the date of the entry of this Order. This means that, if the original § 2254 Petition was timely filed, then the amended petition will also be timely filed.  *See e.g.*, *Floyd*, 2010 WL 2836611, at *3 (explaining same).

It is therefore on this 4ᵗʰ day of November, 2016,

**ORDERED** that the request to stay the § 2254 Petition (ECF No. 1) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Petitioner has 45 days from the date of the entry of this Order to submit to prison officials for filing an amended § 2254 petition which includes all federal grounds for relief (both exhausted and unexhausted) he wishes the Court to consider; to the extent Petitioner's amended Petition includes unexhausted claims, he may also file a new motion for a stay together with his amended petition; and it is further

---

[1] The motion for a stay must show the following: (1) that Petitioner's unexhausted claims are potentially meritorious; (2) that he has good cause for failing to present all his ineffective of counsel claims in his first state petition for post-conviction relief; and (3) the absence of intentionally dilatory litigation tactics.

**ORDERED** that, if Petitioner files an amended petition, then he must fill in the form provided by the Clerk and must answer each question on the face of the form, attaching additional pages only if the answer does not fit in the space provided on the form; and it is further

**ORDERED** that, if Petitioner fails to submit for filing an amended § 2254 petition within 45 days of the date of the entry of this Order, then this Court will consider Docket Entry #1 as Petitioner's one and only all-inclusive § 2254 Petition and, absent extraordinary circumstances, federal claims set forth in any second or successive § 2254 petition will be subject to dismissal for lack of jurisdiction. *See* 28 U.S.C. § 2244(b); and it is finally

**ORDERED** that the Clerk shall serve this Order by regular mail upon Petitioner and shall enclose a blank § 2254 form petition.

Madeline Cox Arleo, District Judge
United States District Court